IDANIS GARCIA,              )
                             )
                             )
         Plaintiff,         )
                             )      3:25-CV-31-KAC-JEM
v.                          )
                             )
MASTERCORP HOSPITALITY SERVICES,  )
                             )
         Defendant.       )

## <u>ORDER</u>

This civil action is before the Court on Plaintiff Idanis Garcia's Objections [Doc. 16] to United States Magistrate Judge Jill E. McCook's "Report and Recommendation" (the "Report") [Doc. 15]. Plaintiff, who is proceeding pro se, initiated this action by filing a Motion for Leave to Proceed in Forma Pauperis [Doc. 1] and a Complaint [Doc. 2]. Plaintiff alleged that Defendant and several individuals violated Title VII of the Civil Rights Act of 1964 while Plaintiff was employed with Defendant and during her termination [*See* Doc. 2 at 6-8].

Upon initial screening of the Complaint under 28 U.S.C. § 1915, Judge McCook noted several deficiencies that would prevent the claims from moving forward [*See* Doc. 13 at 3-5]. Judge McCook specifically listed the required elements of a Title VII claim and identified that "there are no allegations about race, color, religion, sex, or national origin" in the Complaint [*Id.* at 4]. But rather than recommending that the Court dismiss Plaintiff's claims, Judge McCook gave Plaintiff the opportunity to file an amended complaint to address those deficiencies if she wished to proceed with her claims [*See* Doc. 13 at 5]. The Court made clear that any amended complaint would "completely replace, not supplement, the original complaint," so "any facts or claims that

Plaintiff wishes to maintain must be included in the amended complaint" [*Id.* (citation and quotations omitted)].

Plaintiff filed an Amended Complaint against Defendant alone [Doc. 14]. That Amended Complaint seeks to raise claims under Title VII based on what Plaintiff perceived to be "unfair workload increases and retaliation" and an "ultimatum" that she "accept a forced reassignment to the laundry department" [*See id.* at 2]. It also alleges that Defendant created a hostile work environment [*See id.* at 2-3]. But the Amended Complaint contains no allegations about Plaintiff's "race, color, religion, sex, or national origin" that would bring her claims within the ambit of Title VII [*See* Doc. 14]. And the Amended Complaint contains no facts identifying any protected activity in which Plaintiff engaged [*See id.*]. Additionally, the Amended Complaint seeks to leave "to the Court's discretion" whether the Amended Complaint states claims for "wrongful termination under applicable state and federal law," "constructive discharge," and "any form of discrimination covered under Title VII or Tennessee employment protections" [*See id.* at 4].

Judge McCook screened the Amended Complaint. In the Report, she (1) gave Plaintiff permission to proceed in forma pauperis and (2) recommended that the undersigned dismiss the Amended Complaint under 28 U.S.C. § 1915 for failure to state a claim [*See* Doc. 15 at 6-8].

Plaintiff objects to the Report's recommendation that the Amended Complaint be dismissed "in its entirety" [*See* Doc. 16]. She specifically states that "[t]he deficiencies noted by the Magistrate Judge are curable through amendment, particularly the pleadings regarding protected status and protected activity under Title VII" [*Id.* at 1]. But Plaintiff does not identify what further facts, if any, exist to show her protected status or protected activity under Title VII. And even liberally construed, the Court cannot identify any such facts from the filings before the Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). In the end, Plaintiff "requests

2

that the District Judge: (a) reject the recommendation of dismissal; or (b) dismiss only the Amended Complaint while allowing the matter to proceed under the Original Complaint; or (c) grant Plaintiff leave to amend to cure any remaining deficiencies" [*See id.* at 2].

Under 28 U.S.C. § 636(b)(1), "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes a timely objection under Section 636(b)(1) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report," 28 U.S.C. § 636(b)(1).

Title VII "does not serve as a 'general civility code for the American workplace.'" *Hudson v. City of Highland Park*, 943 F.3d 792, 803 (6th Cir. 2019) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Instead, it prohibits an employer from discriminating against an employee on certain codified bases. *First*, as is potentially relevant here, Title VII prohibits an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). *Second*, another portion of Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *See id.* § 2000e-3(a).

Here, the Amended Complaint falls short of stating a claim on either basis. *First*, the Amended Complaint contains no allegations from which the Court could even infer that any discrimination against Plaintiff or hostile work environment created was "because of" Plaintiff's "race, color, religion, sex, or national origin" [*See* Doc. 14]. *See* 42 U.S.C. § 2000e-2(a). *Second*, the Amended Complaint contains no allegations linking an adverse employment action allegedly

3

taken against Plaintiff to opposition to "any practice made an unlawful employment practice by this subchapter" [*See* Doc. 14]. *See* 42 U.S.C. § 2000e-3(a). And there are no allegations that before any adverse action, Plaintiff "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" covered by Title VII [*See* Doc. 14]. *See* 42 U.S.C. § 2000e-3(a). So, the Amended Complaint fails to state a claim under Title VII.

To the extent that Plaintiff asks the Court to review her allegations and use its "discretion" to identify any claim that she could raise for "wrongful termination" or "any form of discrimination covered under . . . Tennessee employment protections," [*see* Doc. 14 at 4], that is not the proper role of this Court. The Constitution vests this Court with the power to adjudicate "Cases" and "Controversies." U.S. Const. art. III. The Court does not represent Plaintiff, and it cannot act as a lawyer for her or provide legal advice. And the Amended Complaint, itself, does not state a claim for discrimination or wrongful termination or under Tennessee law. *See Kirkland v. City of Maryville*, 54 F.4th 901, 911 (6th Cir. 2022) (providing that claims under the Tennessee Human Rights Act "are evaluated identically" to those under Title VII (citation omitted)).

Plaintiff's request that the Court "dismiss only the Amended Complaint while allowing the matter to proceed under the Original Complaint," [Doc. 16 at 2], is also faulty. As Judge McCook warned when she allowed Plaintiff to file an amended complaint, [*see* Doc. 13 at 5], the Amended Complaint superseded the initial complaint, s*ee Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023); *B&H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008). So, Plaintiff cannot legally bring the initial Complaint back to life.

Finally, Plaintiff asks to amend her Amended Complaint one more time. But that is not appropriate either. Under Federal Rule of Civil Procedure 15, generally, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But Courts "refrain[]

4

from applying [the] liberal policy of amendment" where a plaintiff makes "only a cursory request for relief and fail[s] to attach a copy of a proposed amended complaint." *Mitchell v. City of Benton Harbor*, 137 F.4th 420, 442 (6th Cir. 2025) (citations omitted). Local Rule 15.1 also specifically requires a Party to file a motion for leave to amend and "attach a copy of the proposed amended pleading to the motion." *See* E.D. Tenn. L.R. 15.1. "[F]ailure to comply with this rule may be grounds for denial of the motion." *Id.*

Here, even after the Court allowed Plaintiff to amend once, she has not filed a proposed second amended complaint, nor has she identified any specific facts or allegations she would seek to add in a second amended complaint that would help state a claim [*See* Doc. 16]. So, the Court denies the request on that basis. *See Mitchell*, 137 F.4th at 442; E.D. Tenn. L.R. 15.1. The Court has also reviewed Plaintiff's filings at length, and the Court cannot identify any specific facts in the record that would change the outcome under Title VII. However, because Plaintiff is proceeding pro se, the Court will dismiss her claims without prejudice. *See*, *e.g.*, *Bass v. Keenaugh*, No. 24-1780, 2025 WL 2945894, at *5 (6th Cir. Oct. 17, 2025).

As set forth above, the Court (1) **ADOPTS** the relevant portions of the Report [Doc. 15], (2) **OVERRULES** Plaintiff's Objections [Doc. 16], and (3) **DISMISSES** this action **without prejudice**. An appropriate judgment will enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

5